## THE OTHA J. SAMPLE.

### SCIPLE et al. v. THE OTHA J. SAMPLE.

(District Court, D. New Jersey. May 27, 1898.)

SHIPPING—REGULATIONS AS TO STEAM BOILERS.

Under Rev. St. § 4431, which provides that "every plate of boiler iron or steel made for use in the construction of steamboat boilers shall be so stamped in such places that the marks shall be left visible when such plates are worked into boilers," it is not necessary that the builder of a steamboat boiler furnish a name plate, showing the name of the manufacturer, place where manufactured, and the tensile strength of the boiler, in the absence of a special contract calling for same.

This was a libel in rem by H. M. Sciple and others against the steamship Otha J. Sample. Judgment for libelants.

George A. Vroom, for libelants.

John F. Harned, for claimant.

KIRKPATRICK, District Judge. This libel is founded on a written contract for the balance due upon the purchase price of a boiler furnished by the libelants for the steam vessel Otha J. Sample. The contract calls for one vertical marine boiler of certain dimensions, which shall be subject to the tests and laws governing the building of marine boilers according to the United States laws; the said boiler to pass inspection by United States inspectors for 125 pounds steam, working pressure, and to be complete, with grates, water pan, and hood made of heavy sheet iron. The boiler was built and delivered, and passed an inspection of the United States inspectors for the 125 pounds steam, working pressure. In every respect that which was furnished complied with the requirements of the contract. The libelants, however, did not furnish the "hood" called for in the contract, but have made an allowance of seven dollars therefor, as they claim under an agreement made with Sample, the owner of the steam vessel. I am satisfied from the evidence adduced that such agreement was made. It is testified to by Mr. Toadvine and Mr. Sciple on the part of the libelants, and denied by the defendant Sample, but the conduct of Sample in regard to the several bills rendered by the libelants on which the credit of seven dollars for failure to supply the "hood" was entered and noted, which bills were accepted by Sample without protest or comment, lend strength to the position taken by the libelants that the rebate of seven dollars from the face of the bill had been agreed upon as the value of the "hood." The defendant claims an allowance for the failure of the libelants to furnish with the boiler a "name plate," showing the name of the manufacturer, the place where manufactured, and the number of pounds tensile strain it would bear to the sectional square inch. The 4431st section of the Revised Statutes requires "that every plate of boiler iron or steel made for use in the construction of steamboat boilers shall be so stamped in such places that the marks shall be left visible when such plates are worked into boilers." There does not seem to be any statutory requirement for a "name plate" such as defendant has demanded, nor is it called for by the contract. Judgment should be for the libelants in the sum demanded.